IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00004-PAB-MJW

THOMAS R. LEWIS,

        Plaintiffs,

v.

THE CITY AND COUNTY OF DENVER,

and

DENVER FIRE DEPARTMENT,
a Department of the City and County of Denver,

and

KEITH MEHRENS,
in his official capacity as Assistant Fire Chief,
and in his individual capacity,

and

NICK NUANES,
in his official capacity as Fire Chief,
and in his individual capacity,

        Defendants.

## STIPULATED PROTECTIVE ORDER

Each party and each Counsel of Record stipulate and respectfully move the Court for Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined) as follows:

    1.    In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 3 below). The Parties also anticipate

seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions and other proceedings in this action. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation and respectfully request that the Court issue this Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. For the purposes of this Protective Order, the term "Plaintiff" shall include al Plaintiffs, collectively or individually. The term "Defendant" shall include all defendants, collectively or individually.

3. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom that contains information that is confidential and implicates common law and/or statutory privilege interests and designated by one of the Parties in the manner provided in paragraph 4 below as containing Confidential Information, including, but not limited to:

   a. the Parties' and/or their representatives' personnel files;
   b. investigation files, if any;
   c. witness statements, if any;
   d. the Parties' and/or their representatives' records of medical and mental health care providers;
   e. the Parties' and/or their representatives tax and/or financial records; and
   f. any documents containing information relating to third parties.

4. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

   a. By imprinting the word "Confidential" on the first page or cover of any document produced;

   b. By imprinting the word "Confidential" next to or above any response to a discovery request; and

   c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten (10) calendar days after receipt of the transcribed testimony.

5. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

   a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

   b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

6. Individuals authorized to review Confidential Information pursuant to this Protective Order including, but not limited to, the Parties to this action and their undersigned counsel, shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

7.  The Party's counsel who discloses Confidential Information shall be responsible for ensuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients on Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

8.  During the pendency of this action, opposing counsel may upon court order or agreement of the Parties inspect the list maintained by counsel pursuant to paragraph 7 above upon showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable to otherwise identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms conditions deemed appropriate by the Court.

9.  No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation for work product purposes, including for review by experts in this case or for the attachment of copies of confidential documents to motions and submissions to the court by a party in accordance with D.C.COLO.LCivR 7.2. Any such copies shall be made and used solely for purposes of this litigation.

10. Except as elsewhere provided in this Stipulation and Protective Order, during the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 9 above.

11. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information.

The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, or longer if the parties mutually agree to a longer time to discuss any pending dispute, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If requested, the party objecting to the Confidential designation may grant the designating party additional time to try to resolve the dispute before a motion needs to be filed with the Court. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

12.    In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in accordance with the requirements of D.C.COLO.LCivR 7.2.

13.    The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, ~~even after this action is terminated.~~ *until Termination of this case.*

*MJW 5-28-09*

14. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

15. The Parties agree that the terms and conditions in this Protective Order survive the termination of this litigation. Upon conclusion of this litigation by a final judgment or dismissal, any Party in possession of Confidential Information will retrieve and return within 30 days all such confidential documents and copies to the designating party.

16. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

17. Nothing in this Stipulation and Protective Order shall relieve any party of its obligation under Fed.R.Civ.P. 26(b)(5) to prepare and provide a privilege log.

DATED this 28TH day of MAY, 2009.

**BY THE COURT:**

_____
Michael J. Watanabe
United States Magistrate Judge

STIPULATED AND AGREED TO:

By _____
Anne T. Sulton, Ph.D., J.D.
P.O. Box 371335
Milwaukee, WI 53237
Telephone: 360-870-6000
Email: annesulton@gmail.com

By _____
Andrea J. Kershner
Assistant City Attorney
**OFFICE OF THE CITY ATTORNEY**
City and County of Denver
201 West Colfax Avenue, Dept. 1108
Denver, CO 80202
Telephone: 720-913-3100
Facsimile:   720-913-3190
Email: dlefiling.litigation@denvergov.org

By _____
Joseph M. Rivera
Assistant City Attorney
**OFFICE OF THE CITY ATTORNEY**
City and County of Denver
201 West Colfax Avenue, Dept. 1108
Denver, CO 80202
Telephone: 720-913-3100
Facsimile:   720-913-3190
Email: dlefiling.litigation@denvergov.org

## AFFIDAVIT

STATE OF COLORADO  )
                   )ss
COUNTY OF          )

_____, swears of affirms and states under penalty of perjury:

1.  I have read the Protective Order in _____, a copy of which is attached to this Affidavit.

2.  I have been informed by _____, Esq., counsel for _____, that the categories of documents described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3.  I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4.  For the purpose of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5.  I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)

Address:

_____

_____

Telephone No.: (\_\_\_\_\_) _____

***SUBSCRIBED AND SWORN*** to before me this _____ day of _____, 2009 by _____.

WITNESS my hand and official seal.

[SEAL]

_____
Notary Public

My commission expires:_____