IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00004-PAB-MJW

THOMAS R. LEWIS,

Plaintiff,

v.

DENVER FIRE DEPARTMENT, ET AL.,

Defendants.

---

**ORDER REGARDING
PLAINTIFF'S MOTION FOR LEAVE TO FILE THE ATTACHED THIRD AMENDED
COMPLAINT AND CERTIFICATION OF COMPLIANCE WITH D.C.COLO.LCivR 7.1 A
(DOCKET NO. 73)**

---

**Entered by United States Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff's Motion for Leave to File the Attached Third Amended Complaint and Certification of Compliance with D.C.COLO.LCivR 7.1 A (docket no. 73). The court has reviewed the subject motion (docket no. 73), the response (docket no. 77), and the reply (docket no. 80). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and recommendation.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

    1.    That I have jurisdiction over the subject matter and over the

      parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Plaintiff seeks in the subject motion (docket no. 73) to file a third amended complaint.  Plaintiff argues that since the filing of the Second Amended Complaint, he has learned that Defendant Nick Nuanes was not involved in the May 2009 demotion and reassignment decisions and that Plaintiff needs to correct his Complaint regarding the allegations about Defendant Nuanes.  Plaintiff argues that this information regarding the lack of involvement by Defendant Nuanes was not apparent until October 27, 2009.  Moreover, Plaintiff argues that he has also learned that Patrick Hynes was involved in the May 2009 demotion and reassignment decisions, and Plaintiff seeks to add Mr. Hynes as a named Defendant in this case.  Plaintiff argues that Mr. Hyne's involvement was not apparent until October 26, 2009;

5. That the deadline to amend the pleadings as set in the Rule 16 Scheduling Order has expired;

6. That the subject motion (docket no. 73) is made after the deadline for amendment of pleadings, and thus this court has applied the following analysis in deciding whether to allow the

3

amendments:

> Where, as here, a motion to amend the pleadings . . . is filed after the scheduling order deadline, a "two-step analysis" is required.  Once a scheduling order's deadline for amendment has passed, a movant must first demonstrate to the court that it has "good cause" for seeking modification of the scheduling deadline under Rule 16(b).  If the movant satisfies Rule 16(b)'s "good cause" standard, it must then pass the requirements for amendment under Rule 15(a) . . . .
>
> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment.  Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts.  In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."  Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

4

Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D. Colo. 2001) (quotations and citations omitted).  This court finds that plaintiff has satisfied this first step in the analysis and has established good cause to extend the deadline within which he may seek leave to amend the complaint.

The second step is consideration of whether the plaintiff has satisfied the standard for amendment of pleadings required under Fed. R. Civ. P. 15(a):

> Rule 15(a) provides that leave to amend "shall be freely given when justice so requires."  Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.

Id. at 669 (citation omitted).  Based upon this standard, and substantially for the reasons stated in the subject motion (docket no. 73), this court finds that the proposed amendments should be permitted.  The court notes that no trial date has been set in this matter, and the final pretrial conference is set on January 25, 2010.  In the event the parties believe that additional discovery is warranted in light of these amendments, they may move to

5

reopen discovery for a reasonable period and to alter any other deadlines.  Id.  Thus, any prejudice that might arise from these amendments is capable of being cured.  Id.   See Bylin v. Billings, 568 F.3d 1224, 1229 (10th Cir. 2009); and

7. That as to Defendant's futility argument, Judge Ebel has previously addressed that issue in the case of General Steel Domestic Sales, LLC v. Steel Wise, LLC, 2008 WL 2520423 (D. Colo. 2008).  In the General Steel case, Judge Ebel stated, in pertinent part: " . . . Defendants' futility argument seems to place the cart before the horse.  Rather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place."

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiff's Motion for Lave to File the Attached Third Amended Complaint and Certification of Compliance with D.C.COLO.LCivR 7.1 A (docket no. 73) is **GRANTED**;

2. That the Plaintiff's Third Amended Complaint is accepted for filing as of the date of this Order.  The Third Amended Complaint is now the operative Complaint in this case; and

3. That each party shall pay their own attorney fees and costs for

6

this motion.

Done this 4th day of December 2009.

                                               BY THE COURT

                                               <u>s/ Michael J. Watanabe</u>
                                               MICHAEL J. WATANABE
                                               U.S. MAGISTRATE JUDGE