IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00004-PAB-MJW

THOMAS R. LEWIS,

Plaintiff,

v.

DENVER FIRE DEPARTMENT, et al.,

Defendants.

---

**ORDER REGARDING
PLAINTIFF'S SECOND MOTION TO PARTIALLY LIFT STAY OF DISCOVERY
[DOCKET NO. 42] (DOCKET NO. 78)
AND
PLAINTIFF'S THIRD MOTION TO PARTIALLY LIFT STAY OF DISCOVERY
[DOCKET NO. 42] (DOCKET NO. 84)**

---

**Entered by United States Magistrate Judge Michael J. Watanabe**

This matter is before the court for consideration of Plaintiff's Motion Second Motion to Partially Lift Stay of Discovery [docket no. 42] (docket no. 78) and Plaintiff's Third Motion to Partially Lift Stay of Discovery [docket no. 42] (docket no. 84).  The court has considered the motions, the response (docket no. 86), and the reply (docket no. 87).  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and recommendation.

2

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That on June 1, 2009, Magistrate Judge Watanabe entered the following Minute Order (docket no. 42):

> It is HEREBY ORDERED that the Defendants' Motion to Stay Based on Qualified Immunity (Docket No. 28) is GRANTED pursuant to Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) and Workman v. Jordan, [958] F.2d 332, 336 (10th Cir. 1992). Discovery is STAYED until Judge Brimmer rules on Defendants' Motion to Dismiss Based Upon Qualified Immunity (Docket No. 24).
>
> It is FURTHER ORDERED that the parties shall file a written status report with this court concerning the Defendants' Motion to Dismiss Based Upon Qualified Immunity (Docket no. 24) pending before Judge Brimmer on or before July 1, 2009;

5. That on July 2, 2009, Magistrate Judge Watanabe entered the

following Minute Order (docket no. 55):

> Based upon the Defendant's written Status Report Pursuant to Minute Order (docket no. 42) (docket no. 54), this court hereby enters this minute order to clarify this court's minute order (docket no. 42).  All discovery is STAYED and once Judge Brimmer rules on the Defendants' Motion to Dismiss Based Upon Qualified Immunity (docket no. 24), this court, meaning Magistrate Judge Watanabe, would conduct a further status conference to determine what, if any, amendments to the Rule 16 Scheduling Order may be needed depending up Judge Brimmer's ruling.
>
> It is FURTHER ORDERED that the parties shall file a written status report with the court on the first day of each month beginning in August 2009, and for each month thereafter until Judge Brimmer rules on Defendants' Motion to Dismiss Based Upon Qualified Immunity (docket no. 24);

6.   That on September 29, 2009, Magistrate Judge Watanabe entered the following Minute Order (docket no. 71):

> It is hereby ORDERED that Plaintiff's Motion to Partially Lift Stay of Discovery (docket no. 42) and Certification of Compliance with D.C.COLO.LCivR 7.1 A (docket no. 66) is

4

> GRANTED finding good cause shown. Defendants will not be prejudiced by the requested relief in the subject motion since Plaintiff is only requesting that this court allow two subpoenas to be served on non-parties, namely, Verizon and the Denver Police Department.  Accordingly, the Plaintiff may serve a subpoena *duces tecum* upon the non-parties Verizon and the Denver Police Department only and may not conduct any other discovery until further order of the court;

7. That Plaintiff now seeks in the subject motions (docket nos. 78 and 84) further Orders from this court to partially lift the discovery stay entered by this court on June 1, 2009.  See docket no. 42. In particular, in the Plaintiff's Motion Second Motion to Partially Lift Stay of Discovery [docket no. 42] (docket no. 78) the Plaintiff requests an Order from the court to allow Plaintiff's counsel to:

   a. visually inspect and copy relevant Fire Department records pertaining to discipline of all employees with the rank of lieutenant or higher since Alvin LaCabe, Jr., has served as Denver's Manager of Safety - about six years; and

   b. obtain a complete copy of all documents (including, but not limited to, emails and calendar entries) concerning all activities of every person (not named as a Defendant in this case) working in the Fire

5

>> Department's Human Resources office (including, but not limited to its Internal Affairs Bureau personnel) as these persons' activities relate to the investigation of Plaintiff (including requests for interviews with Verizon store employees and/or Plaintiff's former and/or current co-workers and interview transcripts and/or notes of all persons interviewed) from January 5, 2009 (the date this lawsuit was filed) to May 28, 2009 (the date Plaintiff was demoted and reassigned);

In the Plaintiff's Third Motion to Partially Lift Stay of Discovery [docket no. 42] (docket no. 84), the Plaintiff requests an Order from the court to allow Plaintiff to obtain copies of all communications between the DPD and the Denver Fire Department (DFD), including, but not limited to, written records and audio tapes of the computer aided dispatch and radio dispatch calls, relating to Plaintiff between February 13, 2009, and June 2, 2009;

8. That Defendants object to this court entering Orders allowing any additional limited discovery during at this stage of the proceedings until after the issue of qualified immunity is determined by Judge Brimmer consistent with <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982), and <u>Workman v. Jordan</u>,

958 F.2d 332, 336 (10th Cir. 1992). This court agrees. Until this threshold matter is resolved, additional discovery should not be allowed. Siegert v. Gilley, 500 U.S. 226, 232 (1991);

9. That this court allowed a partial lifting of the stay of discovery to allow a subpoena *duces tecum* upon the **non-parties** Verizon and the Denver Police Department **only and further ordered that the parties may not conduct any other discovery until further order of the court.** See paragraph 6 above and docket no. 71; and

10. That the discovery requested in subject motions (docket nos. 78 and 84) is from the Defendants themselves and not from non-parties, and such discovery should not be permitted against Defendants since the issue of qualified immunity has not been ruled upon by Judge Brimmer.

### ORDER

**WHEREFORE**, based upon these finding of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiff's Motion Second Motion to Partially Lift Stay of Discovery [docket no. 42] **(docket no. 78)** is **DENIED**;

2. That Plaintiff's Third Motion to Partially Lift Stay of Discovery [docket no. 42] **(docket no. 84)** is **DENIED**;

3. That each party shall pay their own attorney fees and costs for this motion.

7

Done this 18rd day of December 2009.

                                  BY THE COURT

                                  <u>S/ Michael J. Watanabe</u>
                                  MICHAEL J. WATANABE
                                  U.S. MAGISTRATE JUDGE